# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KATHLEEN DILLON,

      Plaintiff,

v.                                     Case No. 8:23-cv-1320-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

      Defendant.

_____

## **OPINION AND ORDER**[1]

### **I.  Status**

Kathleen Dillon ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of migraine headaches, back pain, hypertension, anxiety, depression, other mental health problems, and insomnia/sleep issues. Transcript of Administrative Proceedings (Doc. No. 13;

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed August 15, 2023; Reference Order (Doc. No. 17), entered August 16, 2023.

"Tr." or "administrative transcript"), filed August 9, 2023, at 79, 88, 99, 112, 286.[2]

On March 21, 2016 and February 26, 2016, respectively, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of October 24, 2015 in both applications. Tr. at 246-47 (DIB), 248-56 (SSI).[3] The applications were denied initially, Tr. at 78-85, 96, 147, 148-50 (DIB), 87-95, 97, 151, 152-54 (SSI), and upon reconsideration, Tr. at 98-105, 119, 157, 158-62 (DIB), 111-18, 120, 163, 164-68 (SSI).

On February 28, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 49-76. At the time, Plaintiff was fifty-three (53) years old. Tr. at 53. The ALJ issued a decision on April 26, 2018 finding Plaintiff not disabled through the date of the decision.[4] Tr. at 30-43. Plaintiff sought review of the decision by the Appeals Council. Tr. at 10-11 (Appeals Council exhibit list and order), 244-45 (request for review and cover letter). On March 25, 2019, the Appeals Council denied Plaintiff's request for

---

[2] Some of the cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[3] Both applications were actually filed on March 21, 2016. See Tr. at 246 (DIB), 248 (SSI). The administrative transcript reflects Plaintiff's DIB protective filing date as March 21, 2016 and SSI protective filing date as February 26, 2016. Tr. at 79, 99 (DIB), 88, 112 (SSI).

[4] The administrative transcript also contains an ALJ decision dated October 28, 2015 that adjudicated an earlier-filed DIB claim. Tr. at 124-34. That decision is not at issue in this appeal.

review, Tr. at 7-9, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court on May 24, 2019. See Complaint (Doc. No. 1), Case No. 8:19-cv-1277-AEP. On September 22, 2020, the Court entered an Order reversing and remanding the matter for further administrative proceedings. Tr. at 675-88; see Tr. at 689 (Judgment). On remand, the Appeals Council on November 19, 2020 entered an Order vacating the final decision and remanding the matter to an ALJ consistent with the Court's Order. Tr. at 693.

On remand, another ALJ held hearings on July 20, 2021 and November 18, 2021,[5] taking testimony from Plaintiff, her husband, and VEs. Tr. at 603-46, 561-602. The ALJ issued a decision on December 9, 2021 finding Plaintiff was not disabled through the date of the decision. Tr. at 701-17. Plaintiff requested review by the Appeals Council and filed written exceptions to the ALJ's decision. Tr. at 838-40. The Appeals Council assumed jurisdiction on July 7, 2022 and again remanded the case to an ALJ for further consideration. Tr. at 727-29.

---

[5] These hearings were held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the earlier stages of the COVID-19 pandemic. Tr. at 563, 605, 752-65, 791, 827, 830.

On December 8, 2022, the ALJ held a hearing,[6] during which she heard from Plaintiff and a VE. Tr. at 539-60. On January 18, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 512-29. Plaintiff filed written exceptions to the ALJ's Decision. Tr. at 506-07 (exhibit list and order), 972-74 (request for review and exceptions). On April 20, 2023, the Appeals Council declined to assume jurisdiction, Tr. at 502-05, making the ALJ's Decision the final decision of the Commissioner. On June 12, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "exceed[ed] the directive of the remand order and chang[ed] the residual functional capacity [('RFC')] findings" Memorandum in Opposition to the Commissioner's Decision (Doc. No. 27; "Pl.'s Mem.") filed December 8, 2023, at 3 (emphasis and capitalization omitted); see id. at 4-12. On February 6, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 30; "Def.'s Mem."), responding to Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[6] This hearing was also held via telephone, with Plaintiff's consent, because of the ongoing pandemic. Tr. at 542, 842-57, 874-75, 882.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 515-29. As an initial matter, the ALJ determined that Plaintiff's date last insured ("DLI") for purposes of DIB was December 31, 2016. Tr. at 515. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since October 24, 2015, the alleged onset date." Tr. at 515 (emphasis and citation

---

[7]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

omitted). At step two, the ALJ found that at the time of the DLI, Plaintiff "had the following severe impairments: migraines, hypertension, depressive disorder, and panic disorder"; and Plaintiff at the time of the Decision "ha[d] the following severe impairments: depressive disorder, migraines, hypertension, anxiety disorder, panic disorder; and posttraumatic stress disorder (PTSD)." Tr. at 515 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 518 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) and SSR 83-10, except [Plaintiff] can frequently reach overhead bilaterally, can never climb ladders or balance at heights, can frequently climb stairs, frequently stoop, kneel, crouch and crawl. [Plaintiff] can have frequent exposure to pulmonary irritants and to loud noise and no exposure to workplace hazards. [Plaintiff] can perform simple tasks with occasional workplace changes, where change is introduced gradually. Finally, [Plaintiff] can have occasional interaction with supervisors and coworkers, and no direct public service.

Tr. at 520 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work."[8] Tr. at 527 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date" with a "subsequently changed age category to advanced age"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Cook Helper," "Hospital Cleaner," and "Industrial Cleaner." Tr. at 528 (some emphasis omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 24, 2015, through the date of th[e D]ecision." Tr. at 529 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial

---

[8] Plaintiff has past work as a nurse assistant and a medical assistant. Tr. at 527. The ALJ declined to determine whether the work qualified as "past relevant work" because the ALJ determined Plaintiff cannot perform such work regardless. Tr. at 527.

evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the SSA erred during the remand proceedings by evolving her RFC even though the Court's remand order only addressed a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Pl.'s Mem. at 4-12; see Tr. at 675-88 (remand order). According to Plaintiff, given the limited nature of the issue the Court addressed in reversing

the matter, "deference should have been afforded the first [ALJ] decision, unless there is new and material evidence that supported a different finding and the [ALJ] explained in the decision why this new and material evidence supported different findings." Pl.'s Mem. at 6. Plaintiff essentially acknowledges her argument is barred by binding Eleventh Circuit precedent, but she contends she "must obtain a decision by this court and appeal the decision." Id. at 7-8. Responding, Defendant asserts that Plaintiff's argument runs contrary to Eleventh Circuit precedent, and because the Administration complied with this Court's and the Appeals Council's remand orders, the Court should affirm. Def.'s Mem. at 1, 5-10.

"Under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." Weidner v. Comm'r of Soc. Sec., 81 F.4th 1341, 1345 (11th Cir. 2023) (citation omitted); see also Zuniga v. Comm'r, 772 F. App'x 870, 871 (11th Cir. 2019) (citing This That & the Other Gift & Tobacco, Inc. v. Cobb Cty., 439 F.3d 1275, 1283 (11th Cir. 2006)). Further, "[t]he mandate rule requires compliance on remand with the appellate court's instructions and forecloses relitigation of any issue that the appellate court expressly or impliedly decided." Id. (citing Johnson v. KeyBank Nat'l Assn (In re Checking Account Overdraft Litig.), 754 F.3d 1290, 1296 (11th Cir. 2014)); see Weidner, 81 F.4th at 1345. A vacated opinion or order, however, is "officially

- 9 -

gone," and has "no legal effect whatever," rendering it "void." Weidner, 81 F.4th at 1345 (citing United States v. Sigma Int'l, Inc., 300 F.3d 1278, 1280 (11th Cir. 2002) (per curiam).

Here, Plaintiff admits this Court did not make findings of fact or conclusions of law on the RFC issue.[9] So, by its terms, the law of the case doctrine cannot bar reconsideration of the RFC. See Weidner, 81 F.4th at 1344-45. Nor can the mandate rule, because this Court's remand order did not address the RFC issue. See, e.g., id.; Zuniga, 772 F. App'x at 871; Alicea v. Comm'r, 855 F. App'x 494, 496-97 (11th Cir. 2021); Maxwell v. Comm'r of Soc. Sec., 778 F. App'x 800, 802-03 (11th Cir. 2019). Importantly, Plaintiff does not now challenge the instant ALJ's RFC determination as being unsupported by substantial evidence—she focuses solely on its change from prior decisions. But, the prior ALJ decisions were officially vacated, stripping them of any binding effect. See Weidner, 81 F.4th at 1345; Zuniga, 772 F. App'x at 871. For these reasons, Plaintiff's argument fails. See Weidner, 81 F.4th at 1345 (finding "the ALJ was free to reconsider [the plaintiff's] RFC because [a prior ALJ decision] was vacated").

---

[9] Plaintiff claims that by not addressing the RFC as a matter of substance, the Court "implicitly" adopted it. Pl.'s Mem. at 8. This argument does not have merit.

## V.  Conclusion

The ALJ's Decision does not violate the mandate rule or the law of the case doctrine. Moreover, because the prior ALJ decisions were vacated, they had no binding effect. Finally, the ALJ's instant Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 3, 2024.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record